## WILLIAM LAZARUS *vs.* JOHN M. TRIBLE.

Upon a replevin bond for rent, a landlord cannot move for judgment and execu-
tion against the obligors without an assignment of the bond from the sheriff.
The motion in such case must be made, either in the name of the sheriff, in
whom is the legal right to prosecute the bond, which is payable to him, or in
that of his assignee, or of his successor in office.

THIS cause is brought by writ of error from the Adams cir-
cuit court.

The record exhibits the affidavit and bond with surety of
the plaintiff in error, taken before a justice of the peace of
Adams county, to obtain an attachment for rent alledged to be
due and in arrear, for the occupation of a house and lot in the
town of Washington, in that county, by the defendant in error.

Upon which affidavit and bond, the justice of the peace is-
sued his writ of attachment, which came to the hands of the
sheriff of the county, who levied it upon several cows and
horses of the defendant, who executed a replevin bond in the
following words, viz :

" Know all men by these presents, that we, John M. Trible
and C. Knight, are held and firmly bound unto Mark Izod,
sheriff, 'of the county of Adams and State of Mississippi, and
his successors in office, in the sum of one hundred and ninety-
two dollars to be paid to the said Mark Izod, sheriff, as afore-
said, his successors in office or assigns to which payment well
and truly to be made, we bind ourselves, our heirs, executors,
firmly, jointly and severally by these presents, sealed with our
seals, and dated this 31st July, A. D. 1838.

" The condition of the above obligation is such, that whereas
William Lazarus, heretofore, to wit : on the 30th day of July
instant, sued out of the office of William S. Purdue, Esq., a
justice of the peace in and for said county and State aforesaid,

a writ of distress for rent due and in arrear against the goods and chattels of the above named John M. Trible, for the sum of ninety-six dollars, which said wirt was this day levied on one brown cow and calf, one yellow and yearling calf, one brown mare and colt, and one gray horse, the property of the said John M. Trible, and whereas the said property as aforesaid, has been restored to the said John M. Trible, on his executing this bond, now if the said John M. Trible shall, at the end of three months from the date hereof, pay to the said William Lazarus the said sum of ninety-six dollars, with lawful interest thereon from this date, and all costs that have accrued or may hereafter accrue in the premises, then the above obligation to be null and void, otherwise to remain in full force and virtue.

" JOHN M. TRIBLE. Seal.

" C. KNIGHT.        Seal.

" Signed sealed and delivered in presence of John H. Brown.
" This bond is forfeited.

" M. IZOD, Sheriff."

At the May term 1840, the plaintiff in error having previously given the defendant in error and his surety, the notice required by the statute, moved for judgment and execution against the obligors in the replevin bond, which motion after frequent continuances was finally overruled by the court below; and upon motion of the defendant in error, the court below quashed the attachment and other proceedings and entered a judgment against the plaintiff for the cost.

To reverse these judgments and orders of the inferior court, this writ of error is prosecuted.

The errors assigned are :

1. That the court below erred in overruling the plaintiff's motion for judgment and execution.

2. The court erred in sustaining the defendant's motion, after overruling the plaintiff's.

3. The court erred in rendering more than one final judgment in the cause.

4. The court erred in looking behind the replevin bond of

Lazarus *v.* Trible.

the defendant and his surety, and quashing the anterior proceedings.

5. The court erred in quashing the replevin bond.

*Vannerson*, for plaintiff in error.

The replevin bond ought not to have been quashed, because it is the property of the plaintiff, and is as a money bond, incapable of being rendered void between the parties in that summary mode by motion.

The court below had no right to look behind the replevin bond to quash the proceeding on which it is founded. See *Culbertson* v. *Cornell's administrator*, 5 How. Rep. 267. After the defendant in this proceeding has given a bond of replevin, it is a judicial compromise, of all antecedent proceedings, and he is bound by it. If there was nothing in arrears at the time of the distress taken, the defendant ought not to have given the bond for money, but he ought to have sued out his writ of replevin against the landlords.

No counsel represented the defendant.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a proceeding in the circuit court of Adams county, to obtain jugdment and execution upon a replevin bond, given by the defendant in error to Mark Izod, sheriff of said county. The motion was made by the plaintiff in error in his own name, without any assignment of the bond. The motion was overruled in the court below.

It has already been decided by this court, that, without assignment by the sheriff, no execution can be awarded upon such bond to the landlord in his own name. *Phillips* v. *Wood*, Opinion book B. 304. That is decisive of the present case. The proceeding must either be in the name of the sheriff, in whom is the legal right to prosecute the bond which is payable to him, or in that of his assignee, or successor in office.

But the court not only overruled the motion for judgment on

Lazarus *v.* Trible.

the bond, in favor of Lazarus, but, on motion of Trible, made an order to quash it. We have examined the bond with care, and cannot perceive any material defect in it; the order of the court directing it to be quashed, was therefore erroneous.

The judgment in this particular, will be reversed, but in overruling the motion of the plaintiff, will be affirmed.